THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RICKY ALLEN LEE and PAUL VERNON RIGSBY, individually, and on behalf of all others similarly situated, <br><br> Plaintiffs, <br> vs. <br><br> ITT CORPORATION, an Indiana corporation, and ITT FEDERAL SERVICES INTERNATIONAL CORPORATION, a Delaware corporation, <br><br> Defendants. | No. CV 10-00618-JCC <br><br> JOINT MOTION FOR FINAL APPROVAL OF CLASS SETTLEMENT <br><br> NOTE ON MOTION CALENDAR: October 16, 2018 |

Plaintiffs Ricky A. Lee and Paul V. Rigsby (the "Class Representatives" or "Named Plaintiffs"), by and through Thomas, Williams & Park, LLP, acting as Class Counsel, and Vectrus Systems Corporation, f/k/a ITT Systems Corporation, by and through its counsel of record, Stoel Rives, LLP, hereby move jointly for final approval of their proposed Final Settlement Agreement. (Dkt. No. 131 at 16-43.)

**I. BACKGROUND**

**A.     Legal Proceedings**

This lawsuit stems from a contract between ITT Federal Services International Corporation ("FSIC") and the United States government. FSIC entered into the GMASS[1]

---

[1] GMASS was an acronym for General Maintenance and Supply Services.

JOINT MOTION FOR FINAL APPROVAL OF CLASS
SETTLEMENT - 1
(CV 10-00618-JCC)

97967829.1 0042521-00001

STOEL RIVES LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA 98101
Telephone (206) 624-0900

1  contract to provide services to the U.S. Army in Kuwait.  The GMASS contract ran from
2  February 2005 through May 29, 2010.
3        To recruit individuals qualified to perform the services required under the GMASS
4  contract, FSIC obtained assistance from the human resources department of its parent holding
5  company, ITT Corporation.  FSIC offered employment to those individuals who passed the job
6  screening process.  If an individual accepted the offer, he or she entered into an employment
7  contract with FSIC or an FSIC subsidiary, ITT Federal Services International Limited.
8        Named Plaintiffs were two of the individuals hired to work in Kuwait.  On April 12,
9  2010, they filed a class action lawsuit asserting breach of contract claims against FSIC and ITT
10  Corporation (collectively, "ITT").[2]  (Dkt. No. 1.)  On behalf of their fellow employees, the
11  Named Plaintiffs alleged that ITT breached the GMASS employment contracts by

12      (a)    failing to pay overtime in conjunction with Kuwaiti law;
13      (b)    failing to pay for all hours worked;
14      (c)    failing to provide a one-hour break after five consecutive hours of work, required under Kuwaiti law;
15
    (d)    failing to provide housing at "at no cost;" and
16
    (e)    failing to provide meals "at no cost."
17

18  (*Id.* at 6.)  ITT denied the claims. (Dkt. No. 11.)
19        The parties pursued discovery.  Both sides served and answered interrogatories and
20  responded to document requests.  ITT produced, among other things, records identifying the
21  individuals who had worked on the GMASS contract in Kuwait, their periods of employment,
22  and their payroll records.  Following the conclusion of the GMASS contract, personnel files and
23  time sheet records were shipped to the United States from the Middle East and made available

---

[2] FSIC merged into its parent company, ITT Systems Corporation ("ISC"), before Named Plaintiffs filed the present lawsuit. (*See, e.g.,* Dkt. No. 84 at 2; Dkt. No. 85.)  Through subsequent corporate spin-offs and name changes, ISC has become Vectrus Systems Corporation ("Vectrus").   For continuity and ease of reference, the parties will continue to refer to Defendants as "ITT," although Named Plaintiffs entered into the proposed settlement agreement with Vectrus.

JOINT MOTION FOR FINAL APPROVAL OF CLASS
SETTLEMENT - 2
(CV 10-00618-JCC)

97967829.1 0042521-00001

**STOEL RIVES** LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA  98101
*Telephone (206) 624-0900*

1  for review.  Named Plaintiffs responded to ITT's requests for admission and were deposed.  Both
2  sides engaged experts, to assist in determining Kuwaiti law and to evaluate Named Plaintiffs'
3  damages claims.

4  In March 2011, Named Plaintiffs brought their first motion for class certification.  (Dkt.
5  No. 36.)  Although it was denied, Named Plaintiffs' second certification motion was granted.
6  (Dkt. Nos. 55, 69.)  Concluding that Washington's six-year statute of limitations applied to the
7  unnamed class members' claims, the Court certified a class of all ITT employees who had
8  worked on the GMASS contract in Kuwait.  (Dkt. No. 69.)  After granting interlocutory review,
9  the Ninth Circuit Court of Appeals reversed and vacated the certification order, ruling that
10 Kuwait's one-year time bar applied instead of the Washington statute.  *Lee v. ITT Corp.,* 534 F.
11 App'x 626 (9th Cir. 2013).  The appellate court's mandate issued in August 2013.  (Dkt. No. 92.)

12 Named Plaintiffs brought a third motion for class certification, which the Court granted.
13 (Dkt. No. 103.)  The Court certified a Rule 23(b)(3) class of "[a]ll employees of Defendant ITT
14 Corporation or its subsidiaries who performed work under the 'GMASS' contract in Kuwait on
15 or after April 12, 2009."  (*Id.*)  The Ninth Circuit Court of Appeals again granted interlocutory
16 review.  In November 2016, it affirmed the certification order.  *Lee v. ITT Corp.,* 652 F. App'x
17 535 (9th Cir. 2016).  ITT views the appellate court's decision as ruling that the Kuwaiti time bar,
18 which was tolled under *American Pipe* when Named Plaintiffs filed their complaint, resumed
19 running when class certification first was denied, and started running again after the first class
20 certification order was vacated.  *Id.*

21 ITT obtained a stay of the Ninth Circuit's mandate pending the Supreme Court's ruling
22 on ITT's petition for writ of certiorari.[3]  (Dkt. No. 119.)  The mandate issued in October 2017
23 after ITT's petition was denied. (*See* Dkt. No. 120.)  The matter was remanded to this Court.

24
25
26 [3] Proceedings in this Court were stayed while the appellate courts addressed the challenges to the class certification rulings. (Dkt. Nos. 89, 113.)

JOINT MOTION FOR FINAL APPROVAL OF CLASS SETTLEMENT - 3
(CV 10-00618-JCC)

97967829.1 0042521-00001

STOEL RIVES LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA 98101
*Telephone (206) 624-0900*

B.  **Settlement Negotiations**

While ITT was preparing its petition for writ of certiorari, the parties initiated settlement discussions. Before the discussions began, ITT notified Named Plaintiffs' counsel that an error in de-duplicating payroll records had led to an earlier mistake in identifying the employment termination dates for many of the GMASS employees. Out of the 2605 total GMASS employees (all of whom had been identified in documents previously provided by ITT), there were 1,112 former GMASS employees whose employment terminated on or after April 12, 2009, instead of the 421 originally identified. ITT told Named Plaintiffs it believed that 325 of the former GMASS employees should be removed from the class list because their claims were time-barred (given the Ninth Circuit's acknowledgment that the Kuwaiti one-year time bar resumed running (a) when class certification was denied in June 2011, and (b) after certification was vacated in July 2013). ITT also believed that eight more should be removed from the list because they were not similarly situated to Named Plaintiffs, in that they were management employees instead of hourly workers.

Over the course of several months, the parties participated in four separate mediation sessions. (*See* Dkt. Nos. 126, 127.) Stew Cogan served as mediator. (*Id.*) The parties exchanged sets of mediation materials and had their damages experts participate and answer questions. It was not until the fourth mediation session that the parties finally reached a proposed settlement.

C.  **Preliminary Approval of Settlement Agreement**

On May 5, 2018, the parties submitted a joint motion for preliminary approval of their proposed settlement. (Dkt. No. 131.) The motion was supported by a declaration from Class Counsel (Dkt. No. 132) and a declaration from the mediator, Stew Cogan (Dkt. No. 133). The Court granted the motion and scheduled a fairness hearing on the parties' motion for final approval of the proposed settlement agreement. (Dkt. No. 134.)

JOINT MOTION FOR FINAL APPROVAL OF CLASS
SETTLEMENT - 4
(CV 10-00618-JCC)

97967829.1 0042521-00001

**STOEL RIVES LLP**
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA  98101
*Telephone (206) 624-0900*

## II. DISCUSSION

Because this case has already been certified as a class action, the primary question before the Court is whether the proposed settlement is fundamentally fair, adequate, and reasonable. *See, e.g., Officers for Justice v. Civil Serv. Comm'n,* 688 F.2d 615, 625 (9th Cir. 1982). "It is the settlement taken as a whole, rather than the individual component parts, that must be examined for overall fairness." *Staton v. Boeing Co.,* 327 F.3d 938, 952 (9th Cir. 2003) (quoting *Hanlon v. Chrysler Corp.,* 150 F.3d 1011, 1026 (9th Cir. 1998)). "A settlement is fair, adequate, and reasonable when the interests of the class as a whole are better served if the litigation is resolved by settlement rather than pursued." *Ikuseghan v. Multicare Health Sys.,* No. 3:14-cv-05539-BHS, 2016 WL 3976569, at *2 (W.D. Wash. July 25, 2016) (internal quotation marks omitted).

The Settlement Agreement is the result of numerous discussions among counsel and four separate mediation sessions with Mediator Stew Cogan. The parties had many substantive and procedural disagreements about the impact of Kuwaiti law on the claims and the scope of the class given the Ninth Circuit's opinion, among many other issues. At the conclusion of the fourth mediation session in Seattle, on March 13, 2008, the parties were finally able to arrive at a tentative settlement. The Settlement Agreement attached as Exhibit A resulted.

## III. THE SETTLEMENT IS FAIR, ADEQUATE AND REASONABLE.

**A.   Procedural Concerns.**

Class Counsel mailed the court-approved class notice (Notice) to the class members. (*See* Dkt. Nos. 135, 136, 137). The Notice informed the class members of the grant of preliminary approval and the material terms of the Settlement Agreement. It stated the aggregate amount of the proposed settlement, described the formula for computing recoveries, and advised the class members of their right to request exclusion from the class (*i.e.,* opt out) and their right to object to the proposed settlement. (*See* Dkt. No. 136-1 at 2.)

JOINT MOTION FOR FINAL APPROVAL OF CLASS SETTLEMENT - 5
(CV 10-00618-JCC)

97967829.1 0042521-00001

STOEL RIVES LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA  98101
*Telephone (206) 624-0900*

**B.  Monetary Relief.**

The parties agreed that the maximum amount to be paid by ITT in settlement of the claims resolved by the Settlement Agreement is Three Million Seven Hundred Fifty Thousand Dollars ($3,750,000.00) ("the Settlement Fund"); provided, however, that ITT also agreed to pay whatever additional amount is necessary to cover the employer's share of federal and state mandated payroll taxes on the payments made to the class members.  ITT did not agree that any amount attributable to payroll taxes is to be considered part of the Settlement Fund.

Court-approved attorneys' fees, litigation costs, and incentive awards for the Class Representatives will be deducted from the Settlement Fund, and the remainder will be allocated among the class members.  Each class member's allocated share has been determined by Class Counsel based on the number of days the class member worked for ITT in Kuwait under the GMASS contract, compared to the total number of days all of the class members worked for ITT in Kuwait under the GMASS contract.  The allocation does not treat any particular group of class members differently and is fair to all the class members.

If the Court grants this motion for final approval of the Settlement Agreement, Class Counsel will mail blank W-4 forms to the class members and will tell each class member that in order to receive a settlement payment, he or she will need to complete the form, sign it, and mail it back to Class Counsel by the specified deadline.  Alternatively, a class member will need to provide a sworn statement that he or she is not subject to U.S. tax withholding laws.  The sworn statement will need to be mailed back to Class Counsel by the same deadline.  Class Counsel will then provide ITT with a list of the class members who timely returned the W-4 forms or sworn statements (along with copies of the W-4 forms and the sworn statements), and for each listed class member, will specify the gross amount of the payment due (his or her percentage of the settlement fund multiplied by the net amount of the settlement fund after the Court-approved expenses are deducted), and provide the class member's mailing address.

JOINT MOTION FOR FINAL APPROVAL OF CLASS SETTLEMENT - 6
(CV 10-00618-JCC)

97967829.1 0042521-00001

STOEL RIVES LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA  98101
Telephone (206) 624-0900

Because the settlement payments will be characterized as wages, ITT will issue settlement checks after withholding for the employee's share of payroll taxes. ITT will pay the employer's share of payroll taxes. ITT then will mail the settlement checks to the class members at the addresses provided by Class Counsel.

To account for the time they devoted to the case, as well as the risk they took with regard to litigation expenses, the Class Representatives are asking the Court for an enhanced recovery compared to the class, to be paid out of the Settlement Fund. Class Counsel represent that the Class Representatives have remained engaged in all aspects of this eight-year litigation. Both answered interrogatories, responded to document requests, and were deposed. Ricky A. Lee appeared at and participated in all four mediation sessions in Seattle. Class Counsel submit that awards of $10,000 to Paul V. Rigsby and $20,000 to Ricky A. Lee are reasonable and fair and in line with the approved settlement of other class actions. *See, e.g., Lodge v. U.S. Remodelers, Inc.,* No. CV07-05409 CAS (AJWx), 2009 WL 10675738, at *1 (C.D. Cal. Nov. 30, 2009) (approving class representative "enhancements" of $20,000 to each of two named plaintiffs). ITT does not object to this request.

**C.     Attorneys' Fees and Litigation Costs.**

Class Counsel are submitting separately a request for an award of attorneys' fees, to be paid from the Settlement Fund. ITT takes no position as to Class Counsel's request for an attorneys' fee award of 29 percent of the $3.75 million Settlement Fund, but objects to any award greater than that.

Class Counsel are also asking for an award of litigation expenses, to be paid from the Settlement Fund. ITT reserved the right to object to expenses that exceed $130,000. If it elects to file an objection to Class Counsel's expense request, ITT will do so within the two-week deadline set by the Court. (*See* Dkt. No. 134, at 2.)

JOINT MOTION FOR FINAL APPROVAL OF CLASS
SETTLEMENT - 7
(CV 10-00618-JCC)

97967829.1 0042521-00001

STOEL RIVES LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA 98101
Telephone (206) 624-0900

### D. Analysis of Factors Relevant to the Determination of Whether the Proposed Settlement is Fair, Adequate, and Reasonable.

A class settlement is presumptively fair when it is reached after meaningful discovery, and after arm's length negotiations conducted by competent counsel. *See Ikuseghan,* 2016 WL 3976569, at *3; *Clemans v. New Werner Co.,* No. 3:12-cv-05186, 2013 WL 12108739, at *3 (W.D. Wash. Nov. 22, 2013). That was the case here. Mediation began after the parties exchanged discovery and after this Court's class certification order was upheld by the Ninth Circuit. It was conducted at arm's length, over the course of several months, before an experienced and respected mediator. (*See* Decl. of Stew Cogan (DKt. No. 133) at ¶¶ 5-10.)

Consideration of the eight factors the Ninth Circuit has identified as relevant to the inquiry of whether a proposed settlement is fair, adequate, and reasonable, *see, e.g., In re Bluetooth Headset Prods. Liab. Litig.,* 654 F.3d 935, 946 (9th Cir. 2011), further supports the parties' request for final settlement approval. The factors are: (1) the strength of the plaintiffs' case; (2) the risk, expense, complexity, and likely duration of further litigation; (3) the risk of maintaining class action status throughout the trial; (4) the amount offered in settlement; (5) the extent of discovery completed and the stage of proceedings; (6) the experience and views of counsel; (7) the presence of a governmental participant; and (8) the reaction of the class members to the proposed settlement. *See id.* The Court's inquiry into these factors "is relatively less probing where, as here, the parties settle *after* the classes are certified by the Court." *Edwards v. Nat'l Milk Producers Fed'n,* Nos. 11-CV-04766-JSW, 11-CV-04791-JSW, 11-CV-05253-JSW, 2017 WL 3623734, at *5 (N.D. Cal. June 26, 2017).

#### 1. The Strength of the Plaintiffs' Case.

The first factor on the Ninth Circuit's list is the strength of plaintiffs' case. While assessing this factor, "the Court does not reach any ultimate conclusions on the contested issues of fact and law which underlie the merits of the dispute. Instead, the Court is to evaluate objectively the strengths and weaknesses inherent in the litigation and the impact of those

JOINT MOTION FOR FINAL APPROVAL OF CLASS SETTLEMENT - 8
(CV 10-00618-JCC)

97967829.1 0042521-00001

**STOEL RIVES LLP**
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA 98101
*Telephone (206) 624-0900*

considerations on the parties' decision" to reach the agreement. *Id.* at *6 (internal quotation marks and citations omitted).

Named Plaintiffs believe that at least some of their claims are strong, but they acknowledge that ITT has resisted every issue and is likely to continue to do so if this case proceeds further. Without attempting to list every potential weakness in the case, ITT notes the following:

- The GMASS contract was a cost-plus contract, meaning that FSIC had no incentive not to pay its employees every bit of compensation they were contractually entitled to and had earned—under a cost-plus contract, the more expenses a contractor incurs, the more it is paid by the government.

- Plaintiffs' overtime claim hinges on whether Kuwaiti law allowed overtime entitlement to be determined on a weekly as opposed to daily basis. It is undisputed that (a) FSIC paid its GMASS employees overtime for hours worked in excess of the standard 48 hours in a work week, and (b) when GMASS employees worked 72 hours per week (as was often the case), it did not matter whether overtime was determined on a daily or weekly basis—the amount due was the same.[4] ITT has legal support for its view that under the 1964 Kuwaiti law, at least, calculating and paying overtime on a weekly basis was permissible.[5]

- ITT has legal support for its argument that under Kuwaiti law, no damages are due for failing to provide unpaid rest breaks. And to the extent that the claim for alleged "fail[ure] to pay for all hours worked" was based on the theory that GMASS employees should have been paid for the time they spent riding to and from work in company-provided buses, ITT has legal support for its argument

---

[4] Class Counsel have admitted that Plaintiffs' unpaid overtime claim "was not as valuable to the class as first assumed." (Decl. of Class Counsel (Dkt. No. 132) at ¶ 6.)
[5] The 1964 law applied until February 21, 2010. (*See* Dkt. No. 47 at ¶ 2.)

JOINT MOTION FOR FINAL APPROVAL OF CLASS
SETTLEMENT - 9
(CV 10-00618-JCC)

97967829.1 0042521-00001

STOEL RIVES LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA 98101
Telephone (206) 624-0900

       that Kuwaiti law does not require employers to pay employees for time spent in transit (with an exception not applicable here).[6]

- Plaintiffs do not dispute that GMASS employees were permitted to live in company-provided housing rent-free.  Plaintiffs' "at no cost" housing claim is based on an extra-contractual document (as opposed to the employment contracts, which stated only that housing would be "Company-provided, furnished, shared") and on the fact that after the federal Heroes Earnings and Assistance Relief Tax Act of 2008 (commonly referred to as the HEART Act) went into effect in August 2008, the value of the housing was reported as taxable income (roughly $105 per week) to the employees.   The GMASS employment contracts did not contain promises that housing would be provided tax-free to Plaintiffs.

- Plaintiffs' "at no cost" meal claim is based on their complaints that they were not permitted to eat free of charge at the military dining facility and that after the HEART Act went into effect, Plaintiffs had to pay income tax on their foreign area living allowance (FALA) payments.   The contract provision found in some, but not all, GMASS employment contracts merely said that an employee "***may*** have access to logistical support privileges" (emphasis added), including "Military dining facility at no cost to employee.  In certain cases when the employee receives a daily allowance, the employee may be charged for meals consumed in the Military Dining Facility."  FALA was a "daily allowance," which means that employees could be charged for eating in the military dining facility.  In any event, "may" does not mean "shall," *see, e.g., Fernandez v. Brock,* 840 F.2d 622, 632 (9th Cir. 1988) (characterizing "may" as "a permissive

---

[6] This is consistent with U.S. law, which does not require compensation for commuting or going through security screenings.  *See, e.g., Integrity Staffing Solutions, Inc. v. Busk,* 135 S.Ct. 513 (2014); *Bonilla v. Baker Concrete Const., Inc.,* 487 F.3d 1340 (11th Cir. 2007); *Hodge v. Lear Siegler,* No. CV 06-263-MHW, 2008 WL 2397674 (D. Idaho June 9, 2008).

JOINT MOTION FOR FINAL APPROVAL OF CLASS SETTLEMENT - 10
(CV 10-00618-JCC)

97967829.1 0042521-00001

**STOEL RIVES LLP**
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA  98101
*Telephone (206) 624-0900*

word"), so logistical support privileges were permissive instead of mandatory. And, finally, the GMASS employment contracts did not contain promises that meals would be provided to Plaintiffs tax-free.

- Although not specifically pled in their Complaint, the Named Plaintiffs complain that ITT breached the employment contracts by failing to calculate properly the "terminal indemnity" payment due under Kuwaiti law when an employment contract ended.  The parties acknowledge that Kuwaiti law is not clear on what compensation components are properly included in terminal indemnity payments, and there is significant disagreement as to the value of this claim.

- Plaintiffs also complain that ITT did not pay its GMASS employees double wages, as required by Kuwaiti law, when the employees worked on Kuwaiti holidays.  This claim is not based on a breach of contract theory (Plaintiffs were contractually entitled to "10 US holidays," which it is undisputed they received), but rather is based on an alleged violation of a Kuwaiti statute.  In ITT's view, this claim was never pled and the time for amending the complaint passed long before this Court entered its first stay order.  Moreover, if this claim were allowed, ITT believes that under Kuwaiti law, the amount claimed would be subject to a setoff for alternative holiday benefits provided to the employees.  The setoff amount would exceed the value of the claim.

**2.    The Risk, Expense, Complexity, and Duration of Further Litigation.**

A number of the claims asserted by Plaintiffs turn on Kuwaiti law.  The Kuwaiti law at issue is a statutory code.[7]  There are no interpretive or implementing regulations, and no precedent providing guidance to the Court as to how the provisions should be interpreted and

---

[7] The official code is in Arabic and the English translations are not entirely consistent.

JOINT MOTION FOR FINAL APPROVAL OF CLASS
SETTLEMENT - 11
(CV 10-00618-JCC)

97967829.1 0042521-00001

STOEL RIVES LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA  98101
Telephone (206) 624-0900

applied. Both sides have hired Kuwaiti lawyers, who hold different views on some of the key matters in dispute.

The proposed settlement guarantees a substantial recovery for the class while obviating the need for further uncertain and expensive pretrial practice, trial and appeals. If the class were to prevail at trial or on pretrial motions, ITT likely would appeal any adverse rulings. Absent the proposed settlement, it is probable that Plaintiffs would not obtain relief, if at all, for several more years.

**3.    The Risk of Maintaining Class Action Status Through Trial.**

ITT advised the Named Plaintiffs of its intent to file a partial summary judgment motion with respect to the claims of 30 percent of the class, based on the Ninth Circuit's acknowledgement of the limits of *American Pipe* tolling. ITT also raised the issue that the class, as currently defined, includes management employees who were not similarly situated to the Named Plaintiffs because their employment contracts differed in significant respects from the employment contracts of the Named Plaintiffs and the other class members who were paid on an hourly basis. ITT planned to challenge their inclusion in the class.

ITT has previously challenged the Court's class certification rulings, twice seeking and obtaining interlocutory review by the Ninth Circuit and once petitioning the Supreme Court for further review. Although Named Plaintiffs believe the current class definition would be preserved through trial, the risk is not minimal that a significant portion of the class would lose their claims on summary judgment or on a motion for a revised class definition.

**4.    The Amount Offered in Settlement.**

The amount offered in settlement is significant. Based on the agreed-upon formula, if the net amount of the settlement fund is, for example, $2,500,000.00, then the average amount allocated to a class member will exceed $2,250.00 and the median amount will be in the range of

JOINT MOTION FOR FINAL APPROVAL OF CLASS
SETTLEMENT - 12
(CV 10-00618-JCC)

97967829.1 0042521-00001

STOEL RIVES LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA 98101
*Telephone (206) 624-0900*

1  $2,445.00.  These are substantial amounts for claims that ITT, at least, believes have serious

2  weaknesses.

3  **5.      The Extent of Discovery Completed and Stage of Proceedings.**

4  The parties have engaged in extensive discovery.  Both sides served and answered

5  interrogatories and responded to document requests.  Named Plaintiffs responded to ITT's

6  requests for admission and were deposed.

7  ITT produced, among other things, electronic records identifying the individuals who had

8  worked on the GMASS contract in Kuwait, their periods of employment, and their payroll

9  records.  Following the conclusion of the GMASS contract, paper personnel files and time sheet

10  records were shipped to the United States from the Middle East and made available for review.

11  Both sides engaged experts, to assist in determining Kuwaiti law and to evaluate Named

12  Plaintiffs' damages claims.  The experts played a significant role in the settlement negotiations.

13  Although additional discovery could be done, the parties believe that most of the

14  essential facts of the case have been uncovered.  Absent the settlement, ITT planned to bring a

15  series of partial summary judgment motions after the Court lifted the stay of proceedings.

16  **6.      The Experience and Views of Class Counsel.**

17  Class Counsel are experienced in handling similar claims and hold the view that the

18  proposed settlement is fair, adequate, and reasonable.  (*See* Decl. of Class Counsel (Dkt. No.

19  132).)

20  **7.      The Presence of a Governmental Participant.**

21  There is no government participant in this case.

22  **8.      The Reaction of the Class Members to the Proposed Settlement.**

23  Not a single class member filed an objection to the proposed settlement.  (*See* Decl. of

24  Class Counsel in Support of Joint Motion for Final Approval, dated August 31, 2018.)  Only one

25  class member opted out of the class.  (*See id.*)

26

JOINT MOTION FOR FINAL APPROVAL OF CLASS
SETTLEMENT - 13
(CV 10-00618-JCC)

97967829.1 0042521-00001

STOEL RIVES LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA  98101
*Telephone (206) 624-0900*

1   In sum, the relevant factors support the parties' contention that the proposed settlement is fair, reasonable, and adequate. The parties assume that the Court will ensure that the awards for attorneys' fees, litigation expenses, and incentive payments meet this criteria. Putting these factors together, the parties respectfully submit that the Court should grant final approval of the proposed settlement.

If final approval is granted, the parties will complete the pay-out process per the terms of the Settlement Agreement. Specifically, within 15 days, Class Counsel will mail to class members a document in the form attached hereto as Exhibit A (entitled: Final Class Action Settlement Notice and Instructions). Accompanying that document will be a blank W-4 form and an alternative statement (in the form attached hereto as Exhibit B) for those persons whose settlement checks will not be subject to U.S. income tax withholding. Each class member will be instructed to complete the W-4 form or the alternative statement and mail the document back to Class Counsel before the specified deadline.

Class Counsel will then make a list of the class members who are to receive settlement payments (certifying that the listed class members timely returned their tax documents), and will specify the gross amount due each class member on the list. Class Counsel will deliver the list to ITT along with copies of the tax documents and addresses for the class members. ITT will process and mail out the settlement checks within 30 days of receiving from Class Counsel the list, the tax documents, and the address information for the class members who are to receive settlement checks.

At the conclusion of that process, the parties will request that all the claims in this action be dismissed with prejudice.

## IV.  CONCLUSION

Based on the foregoing, the parties respectfully request that the Court issue an order giving final approval to their proposed settlement.

JOINT MOTION FOR FINAL APPROVAL OF CLASS
SETTLEMENT - 14
(CV 10-00618-JCC)

97967829.1 0042521-00001

**STOEL RIVES LLP**
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA  98101
*Telephone (206) 624-0900*

1  Dated this 31st day of August, 2018.

2

3  THOMAS, WILLIAMS & PARK LLP          STOEL RIVES LLP

4

5  *s/ Daniel E. Williams (per authorization)*     *s/ Jill D. Bowman*
   Daniel E. Williams                              Jill D. Bowman, WSBA No. 11754
6  William H. Thomas                               David R. Goodnight, WSBA No. 20286
   Email: wmthomas@thomaswilliamslaw.com           Email: jill.bowman@stoel.com
7  Email: danw@thomaswilliamslaw.com               Email: david.goodnight@stoel.com
   P. O. Box 1776                                  600 University Street, Suite 3600
8  Boise, ID  83701                                Seattle, WA  98101-4109
   Telephone:  (208) 345-7800                      Telephone: (206) 624-0900
9

10 *Attorneys for Plaintiffs*                      *Attorneys for Defendants*

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

JOINT MOTION FOR FINAL APPROVAL OF CLASS
SETTLEMENT - 15
(CV 10-00618-JCC)

**STOEL RIVES LLP**
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA  98101
*Telephone (206) 624-0900*

97967829.1 0042521-00001

# EXHIBIT A

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON

FINAL CLASS ACTION SETTLEMENT NOTICE
AND INSTRUCTIONS

A Federal Court authorized this Notice.  It is **not** a solicitation from a lawyer.

**1.      INTRODUCTION.**  You are receiving this notice because you were identified as an employee of ITT, now known as Vectrus Systems Corporation ("ITT"), during ITT's work in Kuwait under the GMASS contract on or after April 12, 2009.

**2.      FINAL APPROVAL.**  You should have received an earlier Notice describing the terms of a Settlement Agreement in the class action case of *Ricky A. Lee and Paul v. Rigsby v. ITT Corporation, et al.,* Civil Action No. C10-0618-JCC, pending in the U.S. District Court for the Western District of the State of Washington.  After receiving no objections from class members, the Settlement Agreement has been given final approval by the U.S. District Court.

**3.      INSTRUCTIONS.**  As you were informed earlier, to be eligible for payment you must complete and return the enclosed Form W-4 to Class Counsel.  It must be postmarked on or before __[45 days of mailing]__, 2018.  For non-U.S. citizens, you must return the enclosed alternative statement regarding your tax status and have it postmarked on or before ___ [45 days of mailing]___, 2018.  You will not receive a settlement payment if you fail to return your completed W-4 or alternative statement by the deadline.

**4.      CLASS COUNSEL**

Counsel for the Class is:

   Daniel E. Williams, William H. Thomas
   THOMAS, WILLIAMS & PARK, LLP
   ATTN: ITT Settlement
   P.O. Box 1776
   Boise, ID 83701

   (208) 345-7800 or 1-877-345-7801

**5.      FURTHER INFORMATION.**  Further information about this Notice, the deadline for mailing your W-4 or alternative statement can be obtained by calling Class Counsel at 1-877-345-7801.  You may also find further information at http://www.thomaswilliamslaw.com/Lee-v-ITT-Class-Action.shtml.
Please do not attempt to contact the Court or ITT's counsel with questions about the Settlement Agreement.

**THIS NOTICE AND ITS CONTENTS HAVE BEEN AUTHORIZED BY
THE UNITED STATES DISTRICT COURT, HON.  JOHN C. COUGHENOUR,
UNITED STATES DISTRICT JUDGE.**

# EXHIBIT B

ALTERNATIVE STATEMENT REGARDING TAX STATUS:

I certify under penalty of perjury that I am not a U.S. person for federal income tax purposes and I do not expect to earn any U.S. source income or have any U.S. federal income tax liability for the current tax year.

_____

Print name:_____

Date:_____