THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

RICKY ALLEN LEE, *et al.*,

Plaintiffs,

v.

ITT CORPORATION, *et al.*,

Defendants.

CASE NO. C10-0618-JCC

ORDER

This matter comes before the Court on the parties' joint motion for final approval of class settlement (Dkt. No. 138) and Plaintiffs' motion for attorney fees (Dkt. No. 140).

This litigation involves breach of contract claims brought by Defendants' former employees for alleged wage and hour violations that occurred while they were working under a General Maintenance and Supply Services ("GMASS") contract to provide services to the United States Army in Kuwait. (*See generally*, Dkt. No. 1.) The Court previously certified a class of "[a]ll employees of Defendant ITT Corporation or its subsidiaries who performed work under the 'GMASS' contract in Kuwait on or after April 12, 2009." (*Id*.) After an interlocutory appeal, the Ninth Circuit affirmed the Court's certification order. *See Lee v. ITT Corp.*, 652 F. App'x 535 (9th Cir. 2016). The parties subsequently reached a class settlement, and the Court granted preliminary approval of the parties' proposed class settlement agreement. (Dkt. No. 134.)

The parties have filed a joint motion seeking final approval of the class settlement

agreement (the "Agreement"). (Dkt. No. 138.) Plaintiffs have also moved for an award of attorney fees, expenses, and incentive payments to the class representatives (Dkt. No. 140). The terms of the settlement are set forth in the Agreement, executed by counsel on May 10, 2018 on behalf of all of the Plaintiffs and Defendants. (*See* Dkt. No. 131 at 16–36.) The Court held a fairness (final approval) hearing on October 16, 2018. No one appeared at the fairness hearing to object to the Settlement.

Having duly considered all submissions and arguments presented, the Court FINDS and ORDERS as follows:

1. The capitalized terms used in this Final Approval Order and Judgment shall have the same meaning as defined in the Agreement.

2. The Court has jurisdiction over the subject matter of this action and over all claims raised therein and all parties thereto, including the Plaintiff Class.

3. The Court hereby approves the Agreement, including the plans for implementation and distribution of the settlement fund, and finds that the Agreement is, in all respects, fair, reasonable, and adequate to the Plaintiff Class, within the authority of the parties, and the result of extensive arm's length negotiations. The parties shall effectuate the Agreement in accordance with its terms. The Agreement and every term and provision thereof shall be deemed incorporated herein as if explicitly set forth and shall have the full force of an order of this Court.

4. Only one Plaintiff Class Member opted out of the class. No Plaintiff Class Members filed objections.

5. The Plaintiff Class, which will be bound by this Final Approval Order and Judgment, shall include members of the Plaintiff Class who did not submit timely and valid requests to be excluded.

6. The Court finds that the plan for settlement notice, set forth in the Agreement and effectuated pursuant to the Preliminary Approval Order and the Court's order modifying class

notice (Dkt. No. 137), was the best notice practicable under the circumstances and provided due and sufficient notice to the Plaintiff Class of the pendency of the action, certification of the Plaintiff Class, the existence and terms of the Agreement, and the final approval hearing, and satisfies the Federal Rules of Civil Procedure, the United States Constitution, the requirements set forth in *In Re Mercury Interactive Corp. Sec. Litig.*, 618 F.3d 988, 994 (9th Cir. 2010), and any other applicable law.

7. The Agreement is in all respects fair, reasonable, and adequate, and is in the best interests of the Plaintiff Class, and is therefore approved.

8. All persons who have not made their objections to the settlement in the manner provided in the Agreement are deemed to have waived any objections by appeal, collateral attack, or otherwise.

9. Within the time periods set forth in the Agreement, settlement payments shall be issued to each Plaintiff Class Member under the terms and conditions of the Agreement.

10. Upon the effective date, Plaintiff Class Members who did not validly and timely opt-out shall have, by operation of this Final Approval Order and Judgment, forever released, resolved, relinquished, and discharged the released parties from any claims that arise out of or relate to the alleged facts, circumstances, and occurrences underlying the claims that were asserted or could have been asserted in this litigation.

11. This Final Approval Order and Judgment, the Agreement, the settlement which it reflects, and any and all acts, statements, documents, or proceedings relating to the settlement are not, and shall not be construed as, or used as an admission by or against the parties of any fault, wrongdoing, or liability on their part or of the existence or amount of any damages.

12. The Court finds the number of hours expended by Class Counsel in this litigation and Class Counsel's hourly rates to be reasonable. The Court further finds that attorney fees representing 29% of the settlement fund are reasonable when considering factors such as the contingent nature of success, complexity of the issues, and duration of the litigation.

Accordingly, the Court hereby grants Class Counsel's request for an award of reasonable attorney fees in the amount of $1,087,500. The Court further grants Class Counsel its reasonable litigation expenses in the amount of $135,700.54. Class Counsel's requested costs are supported by substantial evidence in the record. The Court further approves payments to Class Representative Plaintiff Ricky A. Lee in the amount of $20,000 and Class Representative Plaintiff Paul A. Rigsby in the amount of $10,000.

13. The above-captioned action is hereby DISMISSED in its entirety with prejudice. Without affecting the finality of the Judgment hereby entered, the Court reserves jurisdiction over the implementation of the Agreement, including enforcement and administration of the Agreement.

14. The Clerk is DIRECTED to terminate the motions associated with docket numbers 138 and 140, and close this case.

DATED this 16th day of October 2018.

*(signature)*

John C. Coughenour
UNITED STATES DISTRICT JUDGE